

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-7471

Re: Whether certain officers can
collect a fee accruing after
indictment from the State in
a felony case pending in the
District Court before final
disposition of the case, re-
gardless of whether the case
is reducible or non-reducible,
including murder.

Your request for an opinion has been received and carefully con-
sidered by this department. We quote from your request as follows:

"After reading your Opinion No. O-7440 and the opinion
addressed to Honorable E. L. Shelton, County Auditor of
Johnson County, on November 23, 1933, signed by A. R. Stout,
Assistant Attorney General, and also your opinion addressed
to this department on October 7, 1935, signed by Leon O.
Moses, this department is confused as to whether we are
authorized to pay fees to any officer whether it be sheriff,
constable, county attorney or district clerk, for fees
accruing to him in a felony case pending in the District
Court; that is, fees accruing after indictment regardless
of whether the case is reducible or non-reducible, including
murder.

"I shall, therefore, thank you to advise this department
whether the sheriff, constable, clerk, county attorney or
any other officer can collect a fee accruing after indict-
ment from the State in a felony case pending in the District
Court before final disposition of the case, regardless of
whether the case is reducible or nonreducible, including
murder."

For the sake of brevity and to avoid as much as possible repeti-
tions, we will define the terms "reducible cases" and "non-
reducible cases", which terms are used in your request.

Article 47, Penal Code, in part, is as follows:

"An offense which may -- not must --be punishable by death of confinement in the penitentiary is a felony; every other offense is a misdemeanor."

Where a person is charged with the commission of an offense of the grade of felony, whether by complaint filed in an examining court or by indictment in the District Court, and under the law the only punishment which may be assessed is death or confinement in the State penitentiary, such an offense is a "non-reducible" one. For example, burglary, forgery, arson, bigamy and theft of cattle, horses, sheep, goats or hogs.

A "reducible case" is also one of the grade of felony, but under the law and the indictment the defendant may be found guilty of a felony and sentenced to death or to serve a term in the State penitentiary, or may be found guilty of a misdemeanor. For example, is theft of personal property of the value of $50.00, for under such an indictment, the defendant may be found guilty of the offense of theft of personal property of the value of less than $50.00, a misdemeanor.

There is also another class of "reducible cases", which may have contributed to your confusion because of the incomplete answers found in the two opinions referred to in your request and written by Assistants of former Attorneys General. This class of reducible cases embraces all felony cases where the law fixes the punishment at confinement in the State penitentiary, or a fine or imprisonment in the county jail. In such cases, if the defendant upon conviction is assessed a fine or imprisonment in jail, or both such fine and imprisonment in jail, he has been convicted of a felony-- not a misdemeanor. For example, theft of domestic fowls, assault with a prohibited weapon, theft of wool, mohair, edible meat and theft of citrus fruit from an orchard or grove.

Your question calls for construction of Articles 1027 and 1019, C.C.P., as amended. These Articles read, respectively, as follows:

"In all cases where a defendant is indicted for a felony but under the indictment he may be convicted of a misdemeahor or a felony, and the punishment which may be assessed is a fine, jail sentence or both such fine and imprisonment in jail, the State shall pay no fees to any officer, except where the defendant is indicted for the offense of murder, until the case has been finally disposed of in the trial court. Provided the provisions of this Article shall not be construed as affecting in any way the provisions of

Article 1019, Code of Criminal Procedure, as amended by Chapter 205, **General Laws, Regular Session, Forty-second Legislature;** provided this shall not apply to examining trial fees to County Attorneys and/or Criminal District Attorneys."

"If the defendent is indicted for a felony and upon **conviction** his punishment is by fine or confinement in the county jail, or by both such fine and confinement in the county jail or convicted of a misdemeanor, no costs shall be paid by the State to any officer. All costs in such cases shall be taxed, assessed and collected as in misdemeanor cases."

We have carefully reviewed our Opinion No. O-7440 and the two other opinions cited in your request, which have confused you.

In our Opinion No. O-7440, you were advised that a district clerk of a county, the officers of which are compensated on a fee basis, was entitled to collect from the State the appropriate fee (eight or ten dollars) prescribed in Article 1026, C. C. P., upon the dismissal of a felony case pending in the district court, notwithstanding the indictment was returned several years previous to the dismissal of the case. This was all that was held. We adhere to what was there held. The question of whether the case was "reducible" or "non-reducible" was not the question because a district clerk is entitled to receive the proper statutory fee in every felony case, whether reducible or non-reducible, when finally disposed of without trial, or dismissed or tried and acquitted. (Art. 1026, C.C.P.) It is only when a final conviction is had in a reducible case that the question arises whether the State or the defendant is liable for the cost to all officers. Article 1019, Code of Criminal Procedure, as amended.

In the opinion addressed to you by Honorable Leon Moses, Assistant Attorney General, dated October 7, 1935, the only question considered or answered was whether a district clerk was entitled to collect transcript fees from the State, under Article 1034, C.C.P., as amended in 1931, in a reducible case, which was pending in the district court.

Mr. Moses, after quoting Articles 1034 and 1027, C.C.P., as amended in 1933, construed them together and held you "would not have the authority to pay the district clerk any fee for any case that might have been reduced to a misdemeanor until the case is finally disposed of."

The answer is not full and complete. It is our opinion the answer should have been as follows:

The Comptroller has no authority to pay a district clerk any fee in any reducible case, other than a murder case, until the case

has been finally disposed of in the trial court.  Furthermore, should in the defendant be convicted of a felony, and the punishment assessed is a fine or confinement in the county jail, or by both such fine and confinement in the county jail, or convicted of a misdemeanor, you cannot pay the district clerk any fee whatever.  The costs in all such cases are taxed, assessed and collected from the defendant as in misdemeanor cases.  See Article 1019, C.C.P., as amended.

In the opinion addressed to Honorable E. L. Shelton, County Auditor of Johnson County, on November 23, 1933, signed by A. R. Stout, Assistant Attorney General, the question there considered was:

> "Does Article 1019, Code of Criminal Procedure, apply to trial courts or examining courts?"

Mr. Stout prefaced his opinion as follows:

> "As the writer understands your question, you principally desire to know when the fees accrue to public officials by virtue of an examining trial that has been held, become collectible."

He proceeded to write his opinion on the question as understood and restated by him.  After citing and discussing Articles 1019, 1020 and 1027, C.C.P., all of which had been recently amended, he answered the question as follows:

> (1).  "County Attorney and/or criminal district attorneys are entitled to their examining trial fees, after indictment, in all cases, assuming that their accounts are correct and duly approved."

> (2).  "In all murder cases, and other felony cases, where the only punishment that can be assessed is a sentence to the penitentiary, the officers are entitled to their fees, after indictment, just as they have in the past."

> (3).  "In all cases, however, where a defendant is indicted for a felony, but under the law for which he has been indicted, he may be convicted of a misdemeanor or the punishment assessed against him may be a fine or both fine and jail sentence, that is, less than a felony, the State may not pay any money to the magistrate, clerk or peace officer for their services rendered in the examining trial of such cases, until the same have been finally disposed of in the trial court."

We find no objection to answer No. 1.

It is our opinion that answer No. 2 should have been as follows:

In all murder cases and other felony cases, where the _only_ punishment that can be assessed is _death_ or confinement in the _penitentiary_, the officers are entitled to collect their examining trial fees, after indictment, just as they have in the past, as provided in Article 1020, C.C.P., as amended in 1933, assuming their accounts are correct and duly approved as required by said Article.

Mr. Stout's third answer is far from being complete. It is confusing, and in some respects incorrect. The correct answer is found in plain language in Articles 1019 and 1027, the very Articles he was construing with Article 1020, Code of Criminal Procedure.

It is our opinion this question should have been answered as follows:

In all cases where a defendant is indicted for a felony, other than murder, but under the indictment he may be convicted of a misdemeanor or a felony, and the punishment which may be assessed is a fine, jail sentence or both such fine and imprisonment in jail, the State may not pay any fee to the magistrate or any peace officer for their services rendered in the examining trial of any such cases, until the same have been finally disposed of in the trial court. If the defendant in such a case is finally convicted of a misdemeanor, or convicted of a felony and the punishment assessed is fine, jail sentence or both such fine and imprisonment in jail, such officers cannot collect their examining trial fees from the State, but such fees are taxed, assessed and collected as in misdemeanor cases. Art. 1019, C.C.P., as amended.

Mr. Stout included "clerk" in his answer. We have omitted that word from our answer for we know of no fee which may be collected by either a county or district clerk for services rendered in an examining trial.

We now come to the consideration of your question, which may be briefly restated as follows:

> Is the Comptroller authorized to pay any fees to any officer accruing to him after indictment in a felony case, reducible or non-reducible, pending in the district court?

We are not here concerned with the amount of fees which the State pays to the respective officers mentioned in your request, but with the question -- When may such fees be paid to them by the State?

From what we have hereinabove stated, including our approval of Mr. Stout's first answer, our revision of his second and third answers and our answer to the question considered by Mr. Moses, it is apparent that Articles 1019 and 1027, as amended, has in our

opinion, superseded and nullified all pervious statutes (none of which has subsequently been amended), providing for payment by the State of any fee accruing after indictment to the officers named in your request in all "reducible cases", until such a case has been finally disposed of in the trial court. In other words, no fee can be paid by the State to any of the officers named in your request which accrues after indictment in a reducible case except a murder case while such case is pending in the district court or before a final disposition thereof in said court. Furthermore, should the defendent be finally convicted of a misdemeanor or convicted of a felony and the punishment assessed is a fine or confinement in the county jail, or by both such fine and confinement in the county jail, no costs whatever may be paid by the State to the officers named.

It is our further opinion that in all murder cases and in all "non-reducible" felony cases, any officer named in your request, who is permitted by the statutes to collect any fee accruing in such a case after indictment and before the case has been finally disposed of in the trial court, may do so, since Articles 1019 and 1027 have no application to non-reducible or murder cases.

Insofar as the opinions written by Mr. Moses and by Mr. Stout are in conflict with this opinion, they are specifically overruled.

In answering your request, which pertains only to the payment of fees accruing to certain officers for official services rendered after indictment, it became necessary to consider and revise two of the answers found in Mr. Stout's opinion for the reason his answers and the answer to your request are controlled by the provisions of the same Articles 1019 and 1027, Code of Criminal Procedure.

Mr. Stout's opinion pertained only to the payment of fees to certain officers for services rendered in an examining trial, i.e., for services rendered before indictment, and which cannot be paid until after indictment of the defendant for an offense based upon or growing out of the charge filed in the examining court. (Art. 1020, C.C.P.) In this opinion we have answered not only your request but the questions considered by Mr. Stout.

We sincerely hope that we have succeeded in our efforts to remove the confusion and uncertainty heretofore existing in your department as to the correct procedure to be followed in the payment of fees to the officials concerned for services rendered in examining trials and for services rendered after indictment in "non-reducible" and both classes of "reducible cases", as those terms have been defined hereinabove.

Hon. George H. Sheppard       O-7471

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
    Bruce Bryant
    Assistant

APPROVED DEC. 6, 1946

By
    Jno. C. Knorpp
    Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

BWB:JCK:djm